IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| HOODMART, INC., an Ohio corporation, <br><br> Plaintiff, <br><br> v. <br><br> VENTILATION DIRECT, INC., a North Carolina corporation, <br><br> Defendant. | Civil Action No. <br><br> Jury Demand Appended Hereto |

## COMPLAINT

Plaintiff HOODMART, INC. ("HoodMart" or "Plaintiff"), by and through its undersigned counsel, and for its Complaint against Defendant VENTILATION DIRECT, INC., (collectively "VDI" or "Defendant"), hereby alleges as follows:

## SUMMARY OF ACTION

1. This is an action for trademark infringement, false designation of origin, passing off, and unfair competition under the Lanham Act, 15 U.S.C. § 1051 *et seq*. and for trademark infringement and unfair competition under the common law of the State of Ohio, all arising out of Defendant's willful and unlawful actions whereby it seeks to capitalize on and benefit from the substantial goodwill and reputation that HoodMart has built over time in its well-known and distinctive HOODMART® trademarks. HoodMart seeks equitable and monetary relief to remedy the substantial harm it has sustained as a result of Defendant's unlawful acts.

## THE PARTIES

2. HoodMart, Inc. is an Ohio corporation having its principal place of business at 169 Reaser Ct, Elyria, OH 44035.

3. On information and belief, Ventilation Direct, Inc. is a North Carolina corporation having its principal place of business at 4641 Paragon Park Road, Raleigh, NC 27616-3406.

## JURISDICTION AND VENUE

4. This action arises under §§ 1114(1) and 1125(a) of the Trademark Act of July 5, 1946, as amended, commonly known as the Lanham Act, 15 U.S.C. §§ 1051, *et seq*. Ohio Rev. Code § 4165 and the common law of the State of Ohio.

5. This Court has subject matter jurisdiction under the Lanham Act pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1332, 1338(a) and (b) and 1367. The amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

6. This Court has personal jurisdiction over Defendant because it regularly transacts business within the State of Ohio and, on information and belief, operates and maintains an active website www.ventilationdirect.com from which its Ohio customers may order products.

7. Venue is proper in this district pursuant to 28 U.S.C. § 1391 because Defendant is deemed to reside in this judicial district because it is subject to personal jurisdiction in this district under 28 U.S.C. § 1391(b) and (c) and a substantial part of the acts complained of below took place within this judicial district 28 U.S.C. § 1391(b). Defendant, with its online presence listed above, sells its products nationwide and in this judicial district.

## FACTUAL BACKGROUND

### HoodMart's Distinctive Marks

8.      HoodMart exclusively and continuously uses in interstate commerce throughout the United States, without abandonment, the HOODMART® word mark and HOODMART® logo (collectively, the "HoodMart Marks") in connection with hoods for ranges, laboratory ventilation hoods, oven ventilator hoods, range hoods, ventilation hoods, ventilation hoods for stoves, exhaust hoods for kitchens, filters for air extractor hoods, and ventilating exhaust fans (collectively, the "HoodMart Goods & Services").  The HoodMart Goods & Services, offered under the HoodMart Marks, are advertised, offered for sale, and sold at www.hoodmart.com.

9.      HoodMart began using the HoodMart marks in commerce at least as early as 2004.

10.     HoodMart owns all right, title and interest in and to the HoodMart Marks in connections with HoodMart Goods & Services, and is the owner of multiple federal trademark registrations for the HoodMart Marks listed in Exhibit A, each of which is valid and subsisting, uncancelled and unrevoked.

11.     HoodMart's registrations are *prima facie* evidence of the validity of the HoodMart Marks, of HoodMart's ownership of the HoodMart Marks, and of HoodMart's exclusive right to use the HoodMart Marks in commerce on or in connection with the HoodMart Goods & Services.

12.     HoodMart also owns valuable common law rights in and to the HoodMart Marks. HoodMart has invested substantial resources at advertise, promote, market, offer for sale and sell the HoodMart Goods & Services under the HoodMart Marks in the United States, thereby establishing valuable common law rights in the HoodMart Marks in addition to the rights afforded by the federal trademark registrations.

13. As a result of HoodMart's continuous and exclusive use, and extensive advertising and promotion, the HoodMart Marks are well-known and distinctive.

14. In addition, the HoodMart Marks have become widely and favorably known as identifying HoodMart as the source of the HoodMart Goods & Services, and have acquired invaluable fame, goodwill, and reputation among member of the trade and the consuming public in the United States. Thus, the trade and the consuming public have come to recognize and associate the HoodMart Marks as an indicator of the quality of the goods and services that are provided by HoodMart under the HoodMart Marks.

### Defendants' Unlawful Activities

15. Defendant is a competing retailer of commercial ventilation products and services. Defendant operates and sells its competitive products from a click and purchase website operating under the domain name www.ventilationdirect.com.

16. Notwithstanding HoodMart's prior and exclusive rights in and to the HoodMart Marks, upon information and belief, *inter alia*, Defendant has been using identical and/or confusingly similar variations of the HoodMart Marks, for example, using "hoodmart" and "hoodsmart" in their Google AdWords.

17. Defendant began using the HoodMart Marks long after HoodMart's use and registration of the HoodMart Marks, and continues to use the HoodMart Marks in connection with the promotion and sales of its competing and/or complementary ventilation products and services. Defendant's adoption of the AdWords "hoodmart" and "hoodsmart" was done with express purpose of promoting its products in a manner calculated to usurp the value and goodwill of the

HoodMart Marks and to achieve confusion on the part of customers as to the source of its products.

18. Upon information and belief, such uses have created consumer confusion, whereby customers are confused or deceived as to the source of goods of HoodMart and Defendant and/or have caused suggestion of sponsorship and affiliation of HoodMart and Defendant. Upon information and belief, Defendant has not taken steps to avoid and/or ameliorate the confusion. Indeed, Defendant and its agents and employees have preyed on this consumer confusion thereby diverting sales from HoodMart.

19. Defendant's acts described herein, including the diversion of customers, have harmed and continue to cause HoodMart irreparable harm for which it has no adequate remedy at law.

## COUNT I

### Trademark Infringement Under 15 U.S.C. § 1114(1)

20. HoodMart realleges the allegations contained in paragraphs 1 through 19 above.

21. HoodMart's registration of the HOODMART marks and name on the Principal Register of the United States Patent and Trademark Office constitutes *prima facie* evidence of the validity of the trademark, and proof of HoodMart's ownership and exclusive right to use the trademarks. Such registration also serves to provide Defendant with notice of HoodMart's exclusive rights.

22. HoodMart has used its federally registered trademarks in commerce in connection with the HoodMart Goods & Services since at least 2004.

23. Defendant had both actual and constructive knowledge of HoodMart's ownership and rights in the federally registered HoodMart Marks prior to Defendant's infringing uses of the trademarks.

24. Defendant has adopted and continued use in commerce the HoodMart Marks, and marks confusingly similar thereto, with full knowledge of HoodMart's superior rights, and with full knowledge that their infringing use of HoodMart's Marks was intended to usurp the value and goodwill associated with the HoodMark Marks and to cause confusion, mistake, and/or deception. Such uses have, in fact, created confusion, mistake and deception.

25. Defendant offers its goods under the infringing marks in the same channels of trade and to the same group of customers and potential customers as those in which and to whom HoodMart's legitimate goods are offered.

26. Defendant's infringing use of HoodMart's Marks in connection with ventilation products and services is likely to cause confusion, mistake or deception as to the source of the goods and the affiliation, connection, or association of the goods with HoodMart, in violation of 15 U.S.C. § 1114.

27. Defendant's actions constitute knowing, deliberate, and willful infringement of HoodMart's federally registered trademarks.

28. HoodMart has been damaged by the aforementioned acts in an amount to be determined at trial. Defendant's use of HoodMart's Marks was undertaken by Defendant with the knowledge that such imitation was intended to cause confusion, mistake or deception. Therefore, HoodMart is entitled to recover, Defendant's profits, damages sustained and the costs of this action under 15 U.S.C. § 1117.

29. By reason of the foregoing acts of the Defendant, HoodMart has sustained, and unless enjoined will continue to sustain injury and damage. Defendant's acts, unless enjoined, will cause HoodMart continuing irreparable harm.

{00807011-1}
Page 6 of 17

## COUNT II

### False Designation of Origin and Unfair Competition Under 15 U.S.C. § 1125(a)

30. HoodMart realleges the allegations contained in paragraphs 1 through 29 above.

31. In connection with Defendant's advertisement, promotion, distribution, sales and offers of sale of their services, Defendant has used in commerce, and continues to use in commerce, HoodMart's Marks and/or colorable imitations thereof.

32. In connection with Defendant's advertisement, promotion, distribution, sales, and offers of sale of ventilation goods and services, Defendant has affixed, applied and use false designations of origin and false and misleading descriptions and representations, including HoodMart's Marks, and/or colorable imitations thereof, which tend falsely to describe the origin, sponsorship of, association with or approval by HoodMart of Defendant's sales, marketing and services related to its ventilation products and services.

33. Defendant has used HoodMart's Marks, and/or colorable imitations thereof, with actual or constructive knowledge of the falsity of such designations or origin, descriptions and representations, all to the detriment of Plaintiff.

34. Defendant's use of HoodMart's Marks, and/or colorable imitations thereof, in connection with Defendant's sale of ventilation products and services constitutes false descriptions and representations tending falsely to describe or represent Defendant and Defendant's services or products as being either authorized by, sponsored by, affiliated or associated with HoodMart.

35. Defendant's use of HoodMart's Marks for both related and/or identical goods to a class of identical prospective and actual consumers in identical channels of trade is likely to cause confusion, or mistake as to the source of, or association of Defendant's goods with HoodMart.

36.  The foregoing acts of the Defendant constitute unfair competition and false designation of origin in violation of Section 43 of the Lanham Act, 15 U.S.C. § 1125(a).

37.  HoodMart has been damaged by the aforementioned acts in an amount to be determined at trial.  Defendant's use of HoodMart's Marks was undertaken by Defendant with the knowledge that such imitation was intended to cause confusion, mistake or deception. Therefore, HoodMart is entitled to recover, Defendant's profits, damages sustained and the costs of this action under 15 U.S.C. § 1117.

38.  By reason of the foregoing acts of the Defendant, HoodMart has sustained, and unless enjoined will continue to sustain injury and damage. Defendant's acts, unless enjoined, will cause HoodMart continuing irreparable harm.

## COUNT III

### Federal Passing Off 15 U.S.C. § 1125

39.  HoodMart realleges the allegations contained in paragraphs 1 through 38 above.

40.  This is a claim for federal unfair competition by passing off under the Lanham Act, 15. U.S.C. § 1125, arising from Defendant's unauthorized use of HoodMart's Marks.

41.  In connection with Defendant's advertisement, promotion, distribution, sales and offers of sale of their services, Defendant has used in commerce, and continues to use in commerce, HoodMart's Marks and/or colorable imitations thereof.

42.  In connection with Defendant's advertisement, promotion, distribution, sales, and offers of sale of ventilation goods and services, Defendant has affixed, applied and use false designations of origin and false and misleading descriptions and representations, including HoodMart's Marks, and/or colorable imitations thereof, which tend falsely to describe the origin,

sponsorship, association or approval by HoodMart of Defendant's sales, marketing and services related to its ventilation products and services.

43. Defendant's use of HoodMart's Marks, and/or colorable imitations thereof, in connection with Defendant's sale of ventilation products and services constitutes false descriptions and representations tending falsely to describe or represent Defendant and Defendant's services or products as being either authorized, sponsored, affiliated or associated with HoodMart.

44. Defendant's infringing use of HoodMart's name and marks in connection with ventilation products and services is likely to cause confusion, mistake or deception as to the source of the goods and the affiliation, connection, or association of the goods with HoodMart. Such conduct has resulted in actual confusion, and on information and belief, Defendant's conduct, after being contacted by customers or potential customers confirms that Defendant has capitalized and seeks to capitalize on such confusion.

45. HoodMart has been damaged by the aforementioned acts in an amount to be determined at trial. Defendant's use of HoodMart's Marks was undertaken by Defendant with the knowledge that such imitation was intended to cause confusion, mistake or deception. Therefore, HoodMart is entitled to recover, Defendant's profits, damages sustained and the costs of this action under 15 U.S.C. § 1117.

46. By reason of the foregoing acts of the Defendant, HoodMart has sustained, and unless enjoined will continue to sustain injury and damage. Defendant's acts, unless enjoined, will cause HoodMart continuing irreparable harm.

## COUNT IV

### Deceptive Trade Practices Under Ohio Rev. Code § 4165

47. HoodMart realleges the allegations contained in paragraphs 1 through 46 above.

48. Defendant's use of HoodMart's Marks to mislead consumers and failure to correct consumers who are misled due to Defendant's advertisements constitutes passing off in violation of Ohio Rev. Code § 4165.02(A)(1).

49. Defendant's use of HoodMart's Marks are likely to cause confusion or misunderstanding as to the source, sponsorship, or approval of Defendant's ventilation goods and services in violation of Ohio Rev. Code § 4165.02(A)(2).

50. Defendant's use of HoodMart's Marks are also likely to cause confusion or misunderstanding as to affiliation, connection or association of Defendant's ventilation goods and services with another in violation of Ohio Rev. Code § 4165.02(A)(3).

51. HoodMart has been injured and is likely to be further damaged by these actions.

52. Defendant has caused, and will continue to cause, immediate and irreparable injury to HoodMart, including injury to HoodMart's business, reputation and goodwill, for which there is no adequate remedy at law. HoodMart is therefore entitled to an injunction under Ohio Rev. Code § 4165.03(A)(1) restraining Defendant, its agents, employees, representatives and all persons acting in concert with Defendant from engaging in future acts of false advertising and ordering removal of all of Defendant's false advertisements.

53. Pursuant to Ohio Rev. Code § 4165.03(A)(2), HoodMart is further entitled to recover from Defendant the actual damages sustained by HoodMart as a result of Defendant's acts in violation of Ohio Rev. Code § 4165.02(A). HoodMart is at present unable to ascertain the full extent of the monetary damages it has sustained by reason of Defendant's acts.

54. Pursuant to Ohio Rev. Code § 4165.03(B), HoodMart is further entitled to recover its reasonable attorneys' fees in connection with this action. Moreover, HoodMart is informed and believes, and on that basis alleges, that Defendant's conduct was undertaken willfully and with the intention of causing confusion, mistake or deception, making this an exceptional case entitling HoodMart to recover reasonable attorneys' fees.

55. HoodMart has been damaged by the aforementioned acts in an amount to be determined at trial.

56. By reason of the foregoing acts of the Defendant, HoodMart has sustained, and unless enjoined will continue to sustain injury and damage. Defendant's acts, unless enjoined, will cause HoodMart continuing irreparable harm.

## COUNT V

### Common Law Trademark Infringement

57. HoodMart realleges the allegations contained in paragraphs 1 through 56 above.

58. HoodMart's Marks have acquired goodwill which has been irreversibly damaged by the Defendant's infringing use.

59. Defendant has no connection whatsoever to HoodMart and HoodMart has not granted any license or consent, express or implied, to Defendant to use the distinctive HoodMart Marks.

60. Defendant has used HoodMart's Marks without authorization, knowing it is the exclusive property of HoodMart, in connection with Defendant's sale, offers for sale, distribution, promotion and advertisement of its products and services.

61. Defendant's activities constitute Defendant's use in commerce of HoodMart's Marks. Defendant's use of HoodMart's Marks in connection with Defendant's sale, offers of sale,

distribution, promotion and advertisement of its services bearing infringement of HoodMart's Marks is likely to cause confusion, or to cause mistake, or to deceive the consuming public and others, whereby they would be led to erroneously assume or believe that Defendant is the source of HoodMart Goods & Services and/or affiliated with, related to, licensed or sponsored by, or otherwise connected with HoodMart, all to HoodMart's irreparable damage.

62. The foregoing acts of the Defendant constitute common law trademark infringement under the common law of Ohio disregarding the rights of HoodMart.

63. HoodMart has no adequate remedy at law.

64. HoodMart has been damaged by the aforementioned acts in an amount to be determined at trial. Defendant's use of HoodMart's Marks was undertaken by Defendant intentionally, maliciously, and in bad faith. Therefore, HoodMart is entitled to recover, in additional to actual damages, punitive damages and attorneys' fees.

65. By reason of the foregoing acts of the Defendant, HoodMart has sustained, and unless enjoined will continue to sustain injury and damage. Defendant's acts, unless enjoined, will cause HoodMart continuing irreparable harm.

## COUNT VI

### Common Law Unfair Competition

66. HoodMart realleges the allegations contained in paragraphs 1 through 65 above.

67. Defendant has engaged in unfair competition with HoodMart by making representations in its advertising for the purpose of deceiving the public about the sale of its ventilation products and services offered.

68. By its sale of its ventilation products and services and offering analogous services to HoodMart's services, Defendant's appropriation HoodMart's Marks has inevitably resulted in Defendant's being recognized as the source of products.

69. Defendant has appropriated HoodMart's trademark by using such mark or colorable imitation thereof in connection with its advertisement, promotion, distribution, sales and offers of sale of its ventilation products and services.

70. Defendant has used a combination of elements that is likely to cause mistake or to deceive people as to Defendant's affiliation, connection, or association with HoodMart products and services. Defendant has unfairly profited from appropriating HoodMart's trademarks or colorable imitations thereof and, unless such conduct is enjoined, HoodMart's reputation and goodwill will continue to suffer irreparable injury.

71. The foregoing acts of the Defendant constitute common law unfair competition under the common law of Ohio.

72. HoodMart has been damaged by the aforementioned acts in an amount to be determined at trial. Defendant's use of HoodMart's Marks was undertaken by Defendant intentionally, maliciously, and in bad faith. Therefore, HoodMart is entitled to recover, in additional to actual damages, punitive damages and attorneys' fees.

73. By reason of the foregoing acts of the Defendant, HoodMart has sustained, and unless enjoined will continue to sustain injury and damage. Defendant's acts, unless enjoined, will cause HoodMart continuing irreparable harm.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court:

A.  Grant preliminary and permanent injunctive relief enjoining Defendant and their principals, agents, servants, officers, employees, successors, and assigns and all those in privity, concert, or participation with Defendant from:

(i)  using HoodMart's Marks or any colorable imitation thereof, including on promotional materials, sales materials, or business development materials, including without limitation, in association with any website or domain name, AdWords or metatags, external signage or any other uses in which the marks are utilized, printed, publicized posted, disseminated or distributed;

(ii)  using any unauthorized copy or colorable imitation of HoodMart's Marks in such fashion as is likely to relate or connect Defendant with Plaintiff;

(iii)  using any false designation of origin or false description which can or is likely to lead the trade or public, or individual members thereof, to believe mistakenly that any goods or services advertised, promoted, offered, or sold by Defendant are sponsored, endorsed, connected with, approved, or authorized by the Plaintiff;

(iv)  causing likelihood of confusion or injury to Plaintiff's business reputation and to the distinctiveness of HoodMart's Marks by unauthorized use of any confusingly similar mark or design;

(v)  making statements to customers or potential customers that in any way suggest a connection, sponsorship or affiliation between HoodMart and Defendant or failing to correct confused customers and potential customers about the true source of Defendant's goods and/or services;

(vi) engaging in any other activity constituting unfair competition or infringement of HoodMart's Marks or the Plaintiff's rights in, or to use, or to exploit the same; and

(vii) assisting, aiding or abetting another person or business entity in engaging or performing any of the activities enumerated in subparagraphs (i) through (vii) above;

B. Find that Defendants have infringed HoodMart's Marks in violation of federal law and has damaged Plaintiff's goodwill by Defendant's conduct;

C. Find that Defendant has unfairly competed with Plaintiff by the acts complained of herein in violation of federal law;

D. Find that the acts of Defendant constitute trademark dilution by blurring and tarnishment in violation of federal law;

E. Find that the acts of Defendant constitute deceptive and unfair practices in violation of Deceptive Trade Practices Act, Ohio Rev. Code § 4165;

F. Find that the acts of Defendant constitute trademark infringement in violation of the common law of the State of Ohio;

G. Find that the acts of Defendants constitute unfair competition in violation of the common law of the State of Ohio;

H. Grant an order requiring Defendants and their principals, agents, servants, employees, successors, and assigns of and all those in privity or concert with Defendant who receive actual notice of said order, to destroy all materials with which HoodMart's Marks were used, including without limitation, signage, promotional materials, sales materials, web site content, and any other content with which HoodMart's Marks, or any colorable imitation thereof, were used or associated;

I. Grant an order requiring Defendant to file with the Court and serve on Plaintiff within thirty (30) days after entry of the Injunction, a report in writing under oath setting forth in detail the manner and form in which Defendant has complied with the Injunction;

J. Find Defendant liable and award to the Plaintiff monetary damages in an amount to be determined at trial, including all of the Defendant's profits or gains of any kind resulting from its willful infringement and/or acts of unfair competition, said amount to be trebled, and exemplary damages in view of the intentional nature of the acts complained of herein, pursuant to 15 U.S.C. § 1117;

K. Award to the Plaintiff its reasonable attorneys' fees due to the exceptional nature of this case, and all of the Plaintiff's costs and expenses of litigation;

L. Award to the Plaintiff treble damages based on the Defendant's willful and knowing infringement of HoodMart's Marks;

M. Award to the Plaintiff punitive damages in an amount sufficient to punish and deter Defendant's conduct; and

N. Grant to the Plaintiff such other and further relief as the Court may deem just, proper, and equitable under the circumstances.

Dated: November 17, 2015        Respectfully submitted,

/s/ *Michael W. Vary*
Michael W. Vary, Esq. (0033789)
McCarthy, Lebit, Crystal & Liffman, Co., L.P.A.
101 W. Prospect Ave. Ste. 1800
Cleveland, Ohio 44115
Tel: (216) 696-1422
Fax: (216) 696-1210
mwv@mccarthylebit.com
*Attorney for Plaintiff, HoodMart, Inc.*

## JURY DEMAND

A jury is hereby demanded on all issues triable to a jury.

/s/ *Michael W. Vary*
Michael W. Vary, Esq. (0033789)
*Attorney for Plaintiff*